*101 The opinion of the Court was drawn up by
Barrows, J.
The plaintiff seems to rely entirely upon a title by occupancy. Chancellor Kent says, — " The means of acquiring personal property, by occupancy, are very limited. Though priority of occupancy was the foundation of the right of property in the primitive ages, and though some of the ancient institutions contemplated the right of occupancy as standing on broad ground, yet, in the progress of society, this original right was made to yield to the stronger claims of order and tranquillity. Title by occupancy is become almost extinct under civilized governments.”
The plaintiff’s claim here does not come within any of the exceptions to this doctrine. He showed only a naked possession, which, though prima fade evidence of title, was liable to be controlled by other proof. The defendants’ title to the logs accrued in 1857 or 1858, and there is nothing in the case to indicate that, if they had seen fit, or found it necessary to resort to legal process to recover their property at the time they took possession of it, they could not have maintained replevin for it against the plaintiff, if he had refused to surrender it.
The first instruction complained of was correct. 2 Kent’s Com., 355. So was the second. Case of the Sarah Ann, 2 Sumner, 211. Exceptions overruled.
Appleton, C. J., Cutting, Davis and Walton, JJ., concurred.